UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JIMMY FULLARD,

    Plaintiff,

vs.                                                  Case No.  3:02-cv-928-J-MCR

JO ANNE B. BARNHART, Commissioner of
the Social Security Administration,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Attorney's Motion for Award of Attorney Fees Under 42 U.S.C. §406(b) (Doc. 35) filed December 8, 2006. Commissioner filed a response in opposition on January 16, 2007.  (Doc. 42).

    Plaintiff's counsel, who obtained a sentence four remand/reversal of denial of benefits for his client in this social security appeal (see Doc. 26, Order reversing and remanding case to Commissioner), received an award of EAJA fees in the amount of $3,227.88 for his 21.7 hours of work in federal court on this case. ( See Doc. 33 Order granting Motion for Attorney's Fees and Costs).  Upon remand, the Commissioner issued a decision favorable to Plaintiff and awarded Plaintiff past-due social security disability insurance benefits.  Plaintiff's counsel certifies Plaintiff received an award for past due benefits which was in excess of $62,174.00.  Counsel, however, has been unable to file the Notice of Award, as it was never sent to him. Counsel certifies he spoke with a representative of the Social Security Administration on three separate

-1-

occasions and each time was orally informed the Notice of Award was never generated, but the Plaintiff received an award of back due benefits in excess of $62,174.00.  (Doc. 36, p. 6; Doc. 40, p. 1).  Pursuant to 42 U.S.C. §406(b), the Commissioner normally sets aside approximately 25% of a plaintiff's past-due benefits award in escrow for the possible payment of attorney's fees.  Here, the Commissioner has set aside $15,543.50 in an escrow account for payment of attorney's fees.  Plaintiff's counsel seeks this entire amount -- which adds up to 25% or less of the past-due benefits -- according to the contingent Fee Agreement entered into by Plaintiff and his attorney.  (See executed Social Security Fee Agreement, Doc. 40, pp. 4-5).

The Commissioner objects to Plaintiff's Counsel's Motion for three reasons.  First, the Commissioner questions the timeliness of Plaintiff's counsel's motion because without an Notice of Award, the Court is unable to determine whether Plaintiff filed his motion within the time prescribed by Fed. R. Civ. P. 54(d)(2)(B).  (Doc. 42, pp. 2-3) (citing Bergen v. Commissioner of Social Security, 454 F.3d 1273 (11th Cir. 2006)).  Next, the Commissioner notes that without the Notice of Award, the Court is unable to determine whether $15,543.50 amounts to 25% or less of Plaintiff's past due benefits.  (Doc. 42, p. 4).  Finally, the Commissioner argues that approval of Plaintiff's counsel's entire requested fee would amount to a windfall to Plaintiff's counsel.  Id. at 6.  Despite the Commissioner's objections, it does not entirely oppose Plaintiff's counsel receiving a fee; rather, it asks this Court to award a more reasonable fee than that requested by Plaintiff's counsel.  Id. at 7.

As an initial matter, the Court will accept Plaintiff's counsel's certification that Plaintiff has received past-due Title II benefits in excess of $62,174.00, as Plaintiff's counsel has stated that the Social Security Administration has informed him of this fact on at least three occasions. (Doc. 36, p. 6; Doc. 40, p. 1). With regard to whether Plaintiff's counsel has filed this Motion within the 14 day period required by the Fed. R. Civ. P. 54(d)(2)(B), the Court notes that it is unable to determine the date the 14 day period began to run on the judgment because Plaintiff's counsel has certified he has not received written notice of such judgment. Because the Commissioner does not oppose Plaintiff's entire requested fee, the Court will only address the reasonableness of the fee requested by Plaintiff's counsel.

In this application, Plaintiff's counsel seeks recovery for 36.4 hours he spent working on this case. Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his client upon remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). In capping the fee at 25%, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees." Gisbrecht v. Barnhart, 535 U.S. 789, 806, 122 S.Ct. 1817 (2002) (citations omitted). "Within the 25% boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807.

The Court's § 406(b) reasonableness analysis is not meant to supplant the contingency-fee arrangement, which the Court recognized as the most common fee

arrangement in social security cases. Id. at 800.  In fact, the Supreme Court counsels that the parties' fee agreement is the first place the Court should turn in assessing the reasonableness of a fee.  Id. at 808.  Other key considerations include the character of the representation and the results the representation achieved.  Id.  For example, "[i]f the attorney is responsible for delay" or "[i]f the benefits are large in comparison to the amount of time spent on the case" the Court may appropriately reduce the fee.  Id.

Counsel and Plaintiff have entered into an agreement in which Plaintiff has agreed to allow counsel to file a fee petition seeking a fee greater than $4,000, but in no event more than 25 percent of Plaintiff's past due benefits.  (Doc. 40, pp. 4-5).  The Court has now reviewed the contingent fee contract and has considered the character of the representation, the results the representative achieved, and the time spent on this case, and finds that counsel has not met his burden of showing the reasonableness of the fees requested.

The Court has considered the Schedule of Hours submitted by Plaintiff's counsel and notes that 9.2 hours of the total 36.4 hours were spent working on requests for attorney's fees under either the Equal Access to Justice Act ("EAJA") or pursuant to 42 U.S.C. §406(b).   The time Plaintiff's counsel expended in obtaining or attempting to obtain a fee from Plaintiff's past due benefits, should not be considered in Plaintiff's representation of Plaintiff.  Thus, Plaintiff only worked a total of 27.2 hours representing Plaintiff.  If this Court were to allow counsel to collect the entire $15,543.50, it would amount to approximately $571.45 per hour.  Plaintiff's regularly hourly rate in non-contingency cases is $250.  When considering the level of difficulty counsel faced in

representing this Plaintiff and the skill required by counsel, the Court cannot find that the issues were so complex or novel as to allow counsel to reap more than twice the amount he typically receives in non-contingent cases.  In fact, in this Case the Commissioner filed a Motion supporting remand which lends support to the notion that the issues before this Court were fairly straightforward.   Therefore, the Court believes the fee requested by Plaintiff's counsel amounts to a windfall given the amount of time spent on this case at the district court.  See Gisbrecht, 535 U.S. at 808 (stating it is a court's responsibility to test the reasonableness of fee determinations and the court may appropriately reduce the attorney's recovery if the benefits are large in comparison to the amount of time counsel spent on a case); Ellick v. Barnhart, 445 F. Supp. 2d 1166, 1173 (C.D. Cal. 2006) (finding a downward adjustment from a full contingency award was required).

While this Court believes counsel should be compensated above his typical non-contingency hourly fee due to the risk he undertook in representing Plaintiff on a contingency basis, counsel spent little time on this case in comparison to the amount of benefits awarded Plaintiff.  Thus, the Court believes it is appropriate to subtract $2,300 from Plaintiff's requested fee for an amount equaling $13,243.50.  This amount represents the time Plaintiff spent applying for attorney's fees (9.2) hours multiplied by his typical hourly rate ($250).  Plaintiff's counsel has already recovered $3,227.88 in EAJA fees in this case and to prevent "double-dipping," this sum should also be deducted from Plaintiff's counsel's recovery of any escrowed sum. Therefore, the Court determines that Plaintiff's counsel is due $10,015.62  – an amount which represents

reasonable fees due Plaintiff's counsel excluding fees for the time he spent requesting attorney's fees and also excluding previously paid attorney's fees.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Attorney's Motion for Award of Attorney Fees Under 42 U.S.C. §406(b) (Doc. 35) is **GRANTED in part and DENIED in part**.  The Court finds that a reasonable attorney fee for Plaintiff's counsel, J. Nickolas Alexander, Jr., for representation of Plaintiff in this Court is **$10,015.62** and the Commissioner is ordered to pay said sum to J. Nickolas Alexander, Jr.  The Clerk shall enter Judgment accordingly.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  18th  day of January, 2007.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record